NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN LUTHER BASKERVILLE JR., | Civil Action No. 13-1750 (CCC) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| LT. JAMES STAPLETON, et al., | |
| Defendants. | |

Plaintiff is a prisoner proceeding, *in forma pauperis* ("IFP"), with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. It appearing that:

1. The following relevant background of Plaintiff's criminal history is alleged in his Second Amended Complaint:

    a. In 1988, a Bergen County grand jury returned an indictment in New Jersey (the "NJ Indictment") against Plaintiff, charging him with armed robbery, aggravated assault, and resisting arrest. (ECF No. 22 ("SAC") ¶ 12).

    b. On June 28, 1989, Plaintiff was arrested and charged with being a fugitive of justice in connection with a robbery/murder in New York. (*Id.* ¶ 15). On August 15, 1989, Plaintiff was formally charged and arraigned for second degree murder, first degree robbery, and second degree robbery (the "NY Indictment"). (*Id.* ¶ 16).

1

c. The NY Indictment indicated that the crime had been committed on April 4, 1989. (*Id.* ¶ 20). *Plaintiff has continuously maintained that he was incarcerated at the Bergen County Jail on that date; more specifically, from February 28, 1989 until August 15, 1989.* (*Id.* ¶ 60).

d. Prior to his criminal trial in New York, Plaintiff attempted to obtain records from the Bergen County Jail, which he contends would have provided him with an alibi defense in his New York criminal proceedings by demonstrating that he was incarcerated from February 1989 through August 1989 (including April 4, 1989, the date on which the New York crime allegedly occurred). (*Id.* ¶¶ 21-22). *However, Plaintiff was told by the records department that records of his incarceration pertaining to that time period could not be located.* (*Id.* ¶ 23). Plaintiff was told that the only records that could be located indicated that he was incarcerated from December 25, 1987 through April 11, 1988. (*Id.*). On this basis, Plaintiff's trial counsel in New York refused to assert an alibi defense because there was no evidence to support it. (*Id.* ¶ 24).

e. Plaintiff was subsequently convicted by a New York County jury on November 21, 1990 of second degree murder, first degree robbery, and second degree robbery. (*Id.* ¶ 25).

f. On July 1, 1993, Plaintiff was convicted by a New Jersey jury of armed robbery, aggravated assault, and resisting arrest. (*Id.* ¶¶ 12, 29). Plaintiff was sentenced to 20 years for the armed robbery conviction and 18 months for the aggravated assault and resisting arrest convictions, with the sentences to run concurrently. (*Id.* ¶ 31).

2

g. Plaintiff's New Jersey sentence was made to run consecutively with his New York sentence. (*Id.*).

h. In the years since his convictions, Plaintiff has continued to pursue various forms of relief. Among other things, Plaintiff has sought additional jail credits for time served in connection with his New Jersey sentence. (*See, e.g.*, ECF No. 1-1 at 45).

i. In connection with those attempts, Plaintiff contacted Lieutenant James Stapleton (a defendant in this case), who was employed by the Bergen County Sherriff's Department and worked at the Bergen County Jail during the relevant times. (*See* SAC ¶¶ 28, 45, 93, 104-05). On August 15, 2006, Lieutenant Stapleton wrote to Plaintiff's attorney as follows:

> As per your request I am providing you with *the following information for Mr. Martin Baskerville's incarceration at the Bergen County Jail* according to our records.
>
> S-1350-87 – 09/06/87 – 09/19/87
> S-524-88 – 12/25/87 – 04/07/88
> ***02/28/89 – 08/15/89***
> 02/18/93 – 09/01/93
>
> . . .

(*See* ECF No. 1-1 at 48 (emphasis added)).

j. On July 19, 2011 Plaintiff submitted a letter brief to the Honorable Liliana DeAvila Silebi in New Jersey state court requesting jail credits for the following three periods of time:

> December 25, 1987 through April 7, 1988;
> February 29, 1989 through August 15, 1989;
> February 18, 1993 through September 1, 1993.

(*See id.* at 45-47).

  k. On November 28, 2011, Mr. Baskerville's motion for additional jail credit was granted by the New Jersey state court and Mr. Baskerville was awarded 500 days of jail credit. (*See id.* at 49-51). Importantly, *Mr. Baskerville was awarded credit for having been incarcerated at the Bergen County Jail from February 28, 1989 through August 15, 1989.* (*See id.* at 51).

2. The crux of Plaintiff's claims in this action is that Defendants knowingly and purposely withheld record of his incarceration at the Bergen County Jail on a New Jersey indictment during the period between February 1989 and August 1989. (*See generally* SAC ¶¶ 135-73).

3. Although the Second Amended Complaint is styled as a § 1983 action, Plaintiff has also raised claims that challenge his current incarceration. For example, in Plaintiff's original complaint, Plaintiff requested injunctive relief, asking this Court to issue an order prohibiting the New Jersey Parole Board from using the New York conviction as a reason for a denial of parole or other unfavorable classifications.[1] (*See* ECF No. 1 at 31). Such challenges, normally, can only be brought in a habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *McAleese v. Brennan*, 483 F.3d 206, 212 (3d Cir. 2007) (considering challenges to parole decision brought as habeas claims); *Williams v. Consovoy*, 453 F.3d 173, 176 (3d Cir. 2006) (affirming district court's holding that challenges to parole decisions are not cognizable under § 1983).

---

[1] Although Plaintiff's Second Amended Complaint seeks compensatory and punitive damages, it is clear to the Court that Plaintiff is still seeking to invalidate his New York conviction.

4. Plaintiff is currently incarcerated in New Jersey but the invalidation of his New York conviction could have significant consequences for his New Jersey incarceration.[2] Therefore, this Court appears to have jurisdiction over a habeas petition challenging the New York conviction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.' [The Supreme Court has] interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" (citing 28 U.S.C. § 2241(a) and *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973))). Furthermore, it appears that this Court has jurisdiction over Plaintiff's custodian, the warden of the Northern State Prison in Newark, New Jersey.

5. In light of the above recitation of facts and law in connection with this case, the Court will hereby sever Plaintiff's habeas claims into a separate action. By severing this action, the Court makes no finding as to whether Plaintiff's habeas challenge would or would not be barred by any procedural problems. Indeed, as the Second Amended Complaint is styled as a § 1983 action, the Court lacks the necessary information at this time to make such determinations. Nonetheless, severing this case will provide Plaintiff an opportunity to file an amended habeas petition in the new action, thus enabling this Court to determine whether such petition can be properly considered.[3]

---

[2] For example, Plaintiff's New Jersey sentence was 20 years. It is apparent from the face of the Second Amended Complaint that he has been incarcerated for longer than 20 years. Thus, if Plaintiff's New York conviction were to be invalidated, he could argue that he should receive jail time credit toward his New Jersey sentence for the time he was wrongfully incarcerated for his New York conviction.

[3] The Court notes that, even though the New York case is now more than two decades old, Plaintiff may be able to overcome any timeliness or procedural problems if he shows that he has a viable actual-innocence claim. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.").

IT IS therefore on this ___25___ day of ___May___, 2018,

**ORDERED** that the Clerk shall **OPEN** a new case with the caption reflecting that the petitioner is Martin Luther Baskerville and the respondents are the warden of the Northern State Prison and the Attorney General of the State of New Jersey and the Clerk shall file the Second Amended Complaint (ECF No. 22 in Case No. 13-1750) in the new case as a federal habeas petition under 28 U.S.C. § 2254; it is further

**ORDERED** that the Clerk shall forward Plaintiff a blank form for a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus – AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014); it is further

**ORDERED** that, within 45 days from the date of entry of this Order, Plaintiff shall file an amended petition in the new case, using the form provided by the Clerk, that asserts his actual-innocence challenge to the New York conviction; it is further

**ORDERED** that Plaintiff's entire Second Amended Complaint, with the exception of his habeas claims, which will be addressed in a separate action, is permitted to proceed past 28 U.S.C. § 1915 screening in this matter; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Second Amended Complaint and this Order upon Defendants, with all costs of service advanced by the United States;[4] it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

---

[4] Alternatively, the U.S. Marshal may notify Defendants that an action has been commenced and request that the Defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of *pro bono* counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendants, Plaintiff seeks the appointment of *pro bono* counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.[5]

Claire C. Cecchi, U.S.D.J.

---

[5] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.